UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK OBAH,

                    Plaintiff,

           -against-

JOSEF SILNY & ASSOCIATES INC.,

                    Defendant.

26-CV-2822 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff, a resident of Bronx, New York, brings this *pro se* action under the court's diversity jurisdiction. In his amended complaint (ECF No. 9), he asserts common law claims for breach of contract, fraudulent misrepresentation, and negligence, as well as statutory claims under the Florida Deceptive and Unfair Practices Act, Fla. Stat. 501.201-501.213. Plaintiff alleges that Defendant Josef Silny & Associates Inc., a corporation located in Miami, Florida, failed to provide services for which Plaintiff had paid, deceived him, and otherwise violated his rights as a consumer.

For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Florida.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

In the amended complaint, Plaintiff alleges that he paid Defendant to perform certain services related to evaluating undergraduate and graduate degrees that Plaintiff earned overseas and that, contrary to Defendant's promises, Defendant failed to provide those services. Plaintiff provides an address for Defendant in Miami, Florida; he does not, however, provide any facts suggesting that Defendant resides in New York. Venue therefore does not appear to be proper in this district under Section 1391(b)(1) based on Defendant's residence. Moreover, Plaintiff appears to allege that the events giving rise to his claims took place in Miami, Florida, where Defendant conducts its business and where Plaintiff sent his overseas degrees for Defendant to evaluate. Therefore, from the face of the complaint, venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims appear to have arisen in Miami, Florida, which is also where Defendant is located. Miami, in Miami-Dade County, is located in the Southern District of Florida. *See* 28 U.S.C. § 89(c). Accordingly, venue lies in the Southern District of Florida, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Florida, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. A summons shall not issue from this court. This order closes this case in this court.

SO ORDERED.

Dated:    June 4, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.